IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL HARRIS,

    *Petitioner,*

 v.

CHERYL STEBERGER,[1] *et al.*,

    *Respondents.*

CIVIL ACTION
NO. 16-4108

PAPPERT, J.                            June 22, 2017

**MEMORANDUM**

  Jamal Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon consideration of the record, Magistrate Judge Elizabeth T. Hey's Report and Recommendation ("R & R"), and Harris's objections thereto, the Court adopts the R & R and denies Harris's petition.

**I.**

  On November 16, 2012, Harris was charged with criminal homicide in relation to the November 14, 2012 shooting death of Dennis McFadden, Jr. in Lancaster, Pennsylvania. (Crim. Compl., ECF No. 5-1, Ex. A.) He was denied bail on November 19, 2012 and has remained in the Lancaster County Prison since that time. Docket, *Harris v. Commonwealth*, No. CP-36-CR-0000178-2013; *see also* ("Docket Sheet," Nov. 19, 2012 entry, ECF No. 5-1, Ex. D). The criminal information was filed on January 29, 2013 and Andrew Spade, Esq. entered his appearance to represent Harris on March 12,

---

[1]  In his petition, Harris names the "Commonwealth of Pennsylvania in the Court of Common Pleas of Lancaster County PA" as the respondent. Harris is currently incarcerated at the Lancaster County Prison. Cheryl Steberger is the warden of the facility and is properly named as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (requiring the state officer with current custody to be named as the respondent).

1

2013. (Crim. Information, ECF No. 5-1, Ex. B.) Spade then filed several motions for continuance, including one asserting that Harris may be incompetent to stand trial and requesting a medical evaluation. (*Id.*) Harris was evaluated by Dr. Gotleib.[2] (Pet.'s Objections, at 2–4, ECF No. 9.) On January 13, 2014, Judge Madenspacher held a competency hearing, found Harris incompetent and ordered him committed for 90 days in a state hospital for mental health treatment. *See* (Docket Sheet, Mar. 19, 2013, Oct. 25, 2013, Mar. 9, 2016 entries). Harris contends he remained in the hospital for eight months. (Pet.'s Objections, at 4.) He claims he returned from the hospital and was found competent in October 2015. (*Id.*) At some point during this hiatus, Harris's case was reassigned to Judge Miller. (Docket Sheet, Jan. 13, 2014, Dec. 18, 2015 entries). On December 18, 2015, Judge Miller ordered Harris's trial to begin the week of April 4, 2016.

Harris contends that though he was found competent in October 2015, his attorney continued to try to have him declared incompetent (against his will). (Pet.'s Objections, at 4–5.) Harris claims Spade arranged for him to be re-evaluated by Dr. Gotleib. (*Id.* at 5.) On February 11, 2016, Harris began filing a series of *pro se* motions asserting violation of his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600[3] and seeking suppression of evidence. (Docket Sheet, Feb. 11, 2016, Feb. 16, 2016, Feb. 29, 2016 entries). When Harris met with Dr. Gotleib, Harris told him that he was competent and believed that Spade, rather than he, was the problem.

---

[2] Harris refers to "Dr. Gotleib" several times throughout his objections but never provides the doctor's first name. *See* (Pet.'s Objections, at 2–4).

[3] Rule 600, entitled "Prompt Trial," sets trial deadlines in criminal cases. *See* PA. R. CRIM. P. 600.

(Pet.'s Objections, at 5.) Harris contends he was then found competent and given a new defense attorney. (*Id.*)

On June 3, 2016, Spade was replaced by Patricia Spotts, Esq. (Docket Sheet, June 3, 2016 entry). However, on September 2, 2016, Harris again filed a *pro se* motion alleging violation of his speedy trial rights under Rule 600. (Docket Sheet, Sept. 2, 2016 entry). Judge Miller held a scheduling conference on November 10, 2016 and set trial for March 16, 2017. (Nov. 17 Order, ECF No. 5-1, Ex. F.) In the order, Judge Miller permitted the defense to file a Rule 600 motion no later than December 5, 2016. (*Id.*) Spotts filed a motion to dismiss on December 5, 2016. (Docket Sheet, Dec. 5, 2016 entry.) Although a recent review of the state court docket reveals that the trial has not yet taken place, Judge Miller issued an order on May 26, 2017 setting a trial date, though the date itself is not discernible from the docket. *See* Docket, *Harris v. Commonwealth*, No. CP-36-CR-0000178-2013.

On July 15, 2016, Harris filed this petition for habeas corpus alleging that he was not brought to trial within 365 days as required by Rule 600 and that his prior attorney requested continuances and waived the requirements of Rule 600 without his permission. (Pet., ECF No. 1.) He also contends his prior attorney's actions—requesting continuances and failing to present a Rule 600 motion—and the resulting delays in going to trial violate his due process rights under the Fifth and Fourteenth Amendments and his right to a speedy trial under the Sixth Amendment. (*Id.* at 7.) On December 7, 2016, the District Attorney filed an answer, arguing that Harris's Rule 600 claim is not cognizable in habeas corpus and, in any event, is unexhausted. (Gov.'s Answer, ECF No. 5.)

In her R & R, Judge Hey first noted that to the extent Harris's speedy trial claims are premised on alleged violations of state procedural rights accorded under Rule 600 of the Pennsylvania Rules of Criminal Procedure, the claim is not cognizable under habeas corpus. (R & R, at 4, ECF No. 8) (citing *Walker v. Kerestes*, No. 13-15, 2013 WL 6667776, at *9 (E.D. Pa. Dec. 18, 2013) (Rule 600 claim not cognizable); *Junious v. City of Philadelphia*, No. 13-1201, 2013 WL 2156029, at *1 (E.D. Pa. May 20, 2013); *Wells v. Petsock*, 941 F.2d 253, 254 (3d Cir. 1991) ("Pennsylvania's 180-day rule does not define the contours of the federal constitutional right to a speedy trial")).

Judge Hey then construed Harris's petition broadly to allege violations of his constitutional rights to due process and a speedy trial stemming from the same delays which he alleges violate Rule 600 and the ineffectiveness of counsel for seeking continuances and failing to present a Rule 600 motion. (R & R, at 4.) Even construing Harris's petition as premised on constitutional violations, however, Judge Hey found that the claims are unexhausted because Harris has not presented the constitutional claims to the Pennsylvania Superior Court. (*Id.* at 4–6.) She further found that though an exception to the exhaustion requirement exists where "inordinate delay by the state in processing claims for relief . . . render[s] the state remedy effectively unavailable," the delay experienced by Harris is not sufficient to warrant applying the exception. (*Id.* at 6–8) (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)).

## II.

The Court reviews *de novo* those portions of an R & R to which a petitioner objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Here, however, Harris's objections do not respond to the R & R or address the requirement that Harris exhaust his claims in state court. They instead reiterate Harris's disagreements with his prior attorney's actions and his dissatisfaction with the resulting delays. (Pet.'s Objections, at 1–10.) Though the Court "is not required to review general objections," *Drew v. Wetzel*, No. 15-2725, 2017 WL 1326141, at *2 (E.D. Pa. Apr. 11, 2017), it nevertheless reviews the R & R *de novo* and finds that Judge Hey's recommendation is correct.

### A.

As an initial matter, to the extent Harris's petition is premised solely on violations of procedural rights accorded him under Rule 600 of the Pennsylvania Rules of Criminal Procedure, the claim is not cognizable under habeas corpus. *See Walker*, No. 13-15, 2013 WL 6667776, at *9–11. The Court, however, agrees with Judge Hey that this does not conclude the matter because, construing his petition liberally, Harris also alleges violations of his constitutional rights under the Fifth, Sixth and Fourteenth amendments.

### B.

Absent unusual circumstances, federal courts will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Petitions filed under § 2241 must meet the statutory exhaustion requirement of § 2254. *See Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) ("although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned").

5

Exhaustion requires that the petitioner provide the state courts with an opportunity to review allegations of error before seeking relief in the federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). State courts must have "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In order to comply with the exhaustion requirement, Harris must have presented his claims to both the trial court and the Pennsylvania Superior Court. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (review by Pennsylvania Supreme Court not necessary for exhaustion, Superior Court review is sufficient).

Though Harris has not yet exhausted his claims in state court, he has the opportunity to do so now. He filed several pre-trial motions in state court and in December 2016, his newly appointed counsel filed a motion to dismiss the charges, presumably based on Rule 600. According to Judge Miller's order, the court planned to hold a hearing on the Rule 600 motion prior to the commencement of trial on March 20, 2017. (Nov. 17 Order.) It is unclear whether Harris's *pro se* and counseled motions have also raised the constitutional claims he asserts here, it is clear that the Superior Court has not yet been given any opportunity to consider Harris's constitutional claims. The claims are thus unexhausted.

## C.

An exception to the exhaustion requirement exists if "inordinate delay by the state in processing claims for relief . . . render[s] the state remedy effectively unavailable." *Wojtczak*, 800 F.2d at 354 (thirty-three-month delay between PCRA

6

filing and habeas petition was inordinate); *Lee v. Stickman*, 357 F.3d 338, 343 (3d Cir. 2004) (eight-year delay in resolution of PCRA petition was inordinate). Courts consider the degree of progress made by state courts in determining whether delays rise to the level of inordinate delay. *Lee*, 357 F.3d at 342; *see also Cristin*, 281 F.3d at 411 (twenty-seven-month delay not inordinate when court held hearings and ruled on petition and noting that the delay in *Wojtczak* was inordinate because only marginal progress had been made during pendency of case in state court).

The Third Circuit has "instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume." *Cristin*, 281 F.3d at 411 (citing *Walker v. Vaughn*, 53 F.3d 609, 615 (3d Cir. 1995) ("As a matter of general practice, we assume that a district court which has excused exhaustion but has not yet embarked upon proceedings of substance will stay its hand once there is reliable evidence that the state action has been reactivated.")).

At the time Judge Hey filed her R & R, Harris had been waiting nearly 50 months for trial since his arrest in November 2012. However, at no time before February 2016 did Harris or his counsel file a motion regarding the alleged constitutional violations or otherwise seek relief on account of the delay. The state court therefore had no "claims for relief" before it to process and thus cannot be said to have delayed in doing so. *Cf. Wojtczak*, 800 F.2d at 354 (An exception to the exhaustion requirement exists if "inordinate delay by the state in processing claims for relief . . . render[s] the state remedy effectively unavailable.").

Moreover, to the extent there was delay in this case, much of it is attributable to the defense and to Harris's extended stay in the hospital. *See Singleton v. Wynder*, 485

7

F. Supp. 2d 602, 606 (E.D. Pa. 2007) (holding nineteen-month delay was "far from inexcusable" where several of the continuances were attributable to petitioner or his counsel). As previously discussed, the defense filed numerous requests for continuances with the court. The court also sought a competency evaluation and ordered Harris committed for ninety days for mental health treatment, which, according to Harris, ultimately resulted in an eight-month hospital stay. Even after Harris returned, his prior defense counsel continued to try to have him declared incompetent and advocated for additional evaluation.

In any event, the state court case is now active and appears to be proceeding normally. Once Spotts entered her appearance in June 2016, the state court held a scheduling conference, set a date for the Rule 600 motion, set a trial date and indicated that further delay would not be tolerated absent good cause. *See* (Nov. 17 Order). Because the state court proceedings are ongoing and the state court has the opportunity to address any pending or future motions, it is appropriate for this Court to practice restraint and allow the state court the first opportunity to address Harris's constitutional challenges to his prior counsel's actions and the resulting delays. *See Cristin*, 281 F.3d at 410 ("[T]he States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."); *Singleton*, 485 F. Supp. 2d at 607 ("To the extent that there was some delay, the delay is seemingly over, and the matter 'now appears to be proceeding normally.' (quoting *Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987))); *Williams v. Vaughn*, No. 95-7977, 2002 WL 31375721, at *3–4 (E.D. Pa. Oct. 18, 2002) (forty-one-month delay did not warrant excusing

exhaustion where state court was processing case by holding hearings and oral argument).

## III.

On December 23, 2016, Jeffrey Cutler, who is not a party to this action, filed a "Motion to Combine Cases and [for] Summary Judgment." (ECF No. 6.) This Motion has no relevance to Harris's habeas case. In his Motion, Cutler lists a litany of grievances or disagreements with Judge Miller of Lancaster County, the real estate tax system in Pennsylvania, the voting machines utilized in the Commonwealth, identification requirements for voters and a challenge to a completely unrelated murder conviction. Cutler filed an Addendum to the Motion on January 5, 2017, in which he restates these allegations and further challenges the failure of the Lancaster County Courts to file a document he sent to that court on December 16, 2016. (ECF No. 7, at 1.) Because the Motion and Addendum have no place in Harris's habeas challenge, Cutler's Motion is denied and he will be removed from this docket.

## IV.

For the reasons above, the Court adopts the R & R in its entirety, overrules Harris's objections and denies and dismisses Harris's petition without prejudice to his right to refile once he has exhausted his claims in state court.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.